AO 245B  (Rev 12/03)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

ARMANDO SANTOS

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

CASE NUMBER:    8:03-cr-255-T-30TBM
USM NUMBER:     41235-018

Defendant's Attorney:   Thomas Ostrander, ret.

THE DEFENDANT:

 X_ pleaded guilty to count(s) One of the Indictment.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s)  after a plea of not guilty.

**Accordingly**, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 21 U.S.C. §846 | Conspiracy to Possess With Intent to Distribute Five Kilograms or More of Cocaine | February 13, 2003 | One |

        The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

__ The defendant has been found not guilty on count(s)
__ Count(s)  (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: August 26, 2004

**JAMES S. MOODY, JR.**
**UNITED STATES DISTRICT JUDGE**

DATE: October __11__ , 2005

| | | |
|---|---|---|
| Defendant: | ARMANDO SANTOS | Judgment - Page _2_ of _6_ |
| Case No.: | 8:03-cr-255-T-30TBM | |

## IMPRISONMENT

       The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of FORTY-ONE (41) MONTHS as to Count One of the Indictment.  This sentence shall be served concurrently with the term of imprisonment imposed in the defendant's case with the State of Florida.

\_\_ The court makes the following recommendations to the Bureau of Prisons:

_X_ The defendant is remanded to the custody of the United States Marshal.
\_\_ The defendant shall surrender to the United States Marshal for this district.

      \_\_ at \_\_ a.m./p.m. on \_\_.
      \_\_ as notified by the United States Marshal.

\_\_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

      \_\_ before 2 p.m. on \_\_\_.
      \_\_ as notified by the United States Marshal.
      \_\_ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

_____

United States Marshal

By:_____
Deputy Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| Defendant: | ARMANDO SANTOS | Judgment - Page _3_ of _6_ |
| Case No.: | 8:03-cr-255-T-30TBM | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Count One of the Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

_    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

_    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 12/03) Sheet 3a - Supervised Release

| | |
|---|---|
| Defendant: | ARMANDO SANTOS |
| Case No.: | 8:03-cr-255-T-30TBM |

Judgment - Page  4  of  6 

## SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

__X__   The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

__X__   The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as directed by the probation officer.

AO 245B (Rev 12/03) Sheet 5, Part A  - Criminal Monetary Penalties

| | |
|---|---|
| Defendant: ARMANDO SANTOS | Judgment - Page  5  of  6 |
| Case No.: 8:03-cr-255-T-30TBM | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | Waived | N/A |

___   The determination of restitution is deferred until ____.   An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

___   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order of percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | $ | $ | |

___   If applicable, restitution amount ordered pursuant to plea agreement $ _____.

___   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___   The court determined that the defendant does not have the ability to pay interest, and is ordered that;

____   the interest requirement is waived for the ___ fine and/or ___ restitution.

____   the interest requirement for the ___ fine and/or ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 12/03) Sheet 5 Part B - Criminal Monetary Penalties

| | |
|---|---|
| Defendant: ARMANDO SANTOS | Judgment - Page _6_ of _6_ |
| Case No.: 8:03-cr-255-T-30TBM | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A.    _X_    Lump sum payment of $ _100.00_ is due immediately, balance due

       ___ not later than _____, or

       ___ in accordance with __ C, __ D, or __ E below; or

B.    __    Payment to begin immediately (may be combined with ___ C, ___ D, or ___ E below); or

C.    __    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after date of this judgment; or

D.    ___   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of ___, (e.g., months or years) to commence __ after release from imprisonment to a term of supervision; or

E.    ___   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_    Joint and Several

    Defendant  Name, Case Number, and Joint and Several Amount:


_    The defendant shall pay the cost of prosecution.

_    The defendant shall pay the following court cost(s):

_X_    The defendant shall forfeit the defendant's interest in the following property to the United States:

    The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees. The Court incorporates and attaches the preliminary forfeiture order dated 2/6/04 to this Judgment and Commitment Order.


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.